CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/24/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
   DEPUTY CLERK

IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Lynchburg Division)

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB** as Trustee of Stanwich Mortgage Loan Trust F<br><br>and<br><br>**TRUSTEE SERVICES OF VIRGINIA, LLC**<br>   Plaintiffs,<br>v.<br><br>**SECRETARY OF DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**<br>*Serve:* The Honorable Christopher R. Kavanaugh<br>U.S. Attorney for the Western District of Virginia<br>*at:*   310 1st Street S.W., Room 906<br>   Roanoke, Virginia 24011<br><br>*And serve via Certified Mail:*<br>   The Honorable Merrick B. Garland,<br>   Attorney General of the United States<br>   950 Pennsylvania Avenue<br>   Washington, D.C. 20530-0001<br><br>*And serve via Certified Mail:*<br>   The Honorable Marcia L. Fudge<br>   Secretary of Housing and Urban Development<br>   451 7th Street, S.W.<br>   Washington, D.C. 20410-0001<br><br>and<br>**WILLIAM A. ALDERMAN**<br>*Serve at:*   190 Seminole Drive<br>   Madison Heights, Virginia 24572<br>      Defendants. | **Civil Action No:**   6:24CV00003 |

## COMPLAINT FOR A JUDICIAL SALE

COME NOW the Plaintiffs by counsel, hereby respectfully requesting that this Honorable Court enter an order authorizing a judicial sale of the real property commonly known as 190 Seminole Drive. Madison Heights (Amherst County), Virginia and more fully described in paragraph 13 of this Complaint (hereinafter "Property"), pursuant to the authority granted by 28

U.S. Code § 2201, and in support thereof, state as follows:

1. This Complaint is a request for a judicial sale that is necessitated by there being a Subordinate Mortgage and two Partial Claims Mortgages recorded in the chain of title for the Property.

2. The Subordinate Mortgage and each of the Partial Claims Mortgages are junior liens and provide a security interest to the Secretary of the U.S. Department of Housing and Urban Development for the repayment of promissory notes to the Secretary.

3. The Plaintiffs, respectively, are the current beneficiary and the substitute trustee of a first Deed of Trust recorded in the chain of title for the Property.

4. The Plaintiffs respectfully request that the Property be sold via a judicial sale in order to satisfy the balance of the first mortgage loan on the Property, which is in default for nonpayment.

## PARTIES

5. Wilmington Savings Fund Society, FSB is a federal savings bank registered with the State of Delaware and has its principal place of business in Wilmington, Delaware.

6. U.S. "Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust F" (hereinafter "WSFS") is the current holder of the primary mortgage loan and beneficiary of the first Deed of Trust that is recorded as a lien in the chain of title for the subject Property.

7. Trustee Services of Virginia, LLC is a limited liability company registered with the Virginia State Corporation Commission and the named Substitute Trustee of the first Deed of Trust securing WSFS.

8. The U.S. Department of Housing and Urban Development (HUD) is an agency of the United States Government.

9. The Secretary of HUD is the Lender and obligee of the Subordinate Mortgage and the named beneficiary of the two Partial Claims Mortgages recorded in the chain of title for the

Property.

10.     William A. Alderman is the current owner of record of the subject Property. Upon information and belief, he is a resident of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

11.     Jurisdiction is proper pursuant to 28 U.S. Code § 1331, 28 U.S. Code § 2410 and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party. That is, the Plaintiffs are requesting a judicial sale for a real property in which an agency of the United States has security interests via its Subordinate Mortgage and two Partial Claims Mortgages.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because the Property at issue is situate within the boundaries of the Lynchburg Division of the United States District Court for the Western District of Virginia.

## FACTUAL ALLEGATIONS

13.     Via a Deed dated June 18, 2003, William A. Alderman (hereinafter "Alderman") became the owner of record of the real property legally described as

> Those certain lots or parcels of land, together with the buildings and improvements thereon, and the privileges and appurtenances thereunto belonging, situate, lying and being in Amherst County, Virginia, being Lots Nos. 39, 40 and 41, as shown on "Plat of Kidhurst Acres", dated October 31, 1953, made by Adrian Overstreet, S.C.S., of record in the Amherst County Circuit Court Clerk's Office in Plat Book D, at page 233,

and commonly known as 190 Seminole Drive, Madison Heights, Virginia (hereinafter "Property").

14.     Said Deed is recorded among the land records of the Amherst County [Virginia] Circuit Court in Deed Book 928 beginning at page 470, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

15.     On June 27, 2003, Alderman entered into a purchase-money mortgage loan with SunTrust Mortgage, Inc. for $100,250.00.

16.     As part of said June 27, 2003 mortgage loan, Alderman executed a Note and a Deed of Trust.

17.     Said Deed of Trust granted a security interest in the Property to ensure repayment of the mortgage loan, and provided for acceleration of the mortgage loan and foreclosure in the event of a default.

18.     Said Deed of Trust is recorded among the land records of the Amherst County [Virginia] Circuit Court in Deed Book 928 beginning at page 473 and a true and accurate copy thereof is attached hereto as **Exhibit B**.

19.     Through various assignments, the June 27, 2003 mortgage loan was ultimately transferred to WSFS.

20.     Said assignments are recorded among the land records of the Amherst County [Virginia] Circuit Court and true and accurate copies thereof are attached hereto as **Exhibit C**.

21.     In order to cure loan defaults for nonpayment, Alderman was given, and did enter into, two loan modifications for his June 27, 2003 mortgage loan … one dated May 3, 2019 and one dated July 26, 2022.

22.     Said loan modification are recorded among the land records of the Amherst County [Virginia] Circuit Court as Instruments #190002180 and #220003035 true and accurate copies thereof are attached hereto as **Exhibits D** and **E**.

23.     In addition, Alderman entered into three agreements whereby HUD agreed to take on the accumulating arrearages of the June 27, 2003 mortgage loan in exchange for promissory notes and additional security interests in the Property.

24.     Said additional security interests in the Property took the form of a Subordinate Mortgage and two Partial Claims Mortgages.  See **Exhibits F**, **G** and **H** attached hereto.

25.     Via an Appointment of Substitute Trustee dated November 21, 2023, WSFS removed

the named Trustee of Alderman's June 27, 2003 Deed of Trust (Exhibit B) and named Trustee Services of Virginia, LLC as the Substitute Trustee.

26.     Said Appointment of Substitute Trustee is recorded among the land records of the Amherst County [Virginia] Circuit Court as Instrument # 220006516 and a true and accurate copy thereof is attached hereto as **Exhibit I**.

27.     Upon information and belief, there are no other persons or entities with a lien against, or an interest in, the Property.

## CAUSE OF ACTION

28.     The Plaintiffs hereby restate and incorporate in full paragraphs 1 through 27 above.

29.     Alderman's June 27, 2003 mortgage loan with WSFS has fallen into default again for nonpayment.

30.     Whenever three is a default, the terms of the June 27, 2003 Deed of Trust require that WSFS adhere to the regulations of the Secretary of HUD before acceleration and foreclosure can occur.

31.     To date, WSFS has met those requirements with respect to its June 27, 2003 mortgage loan with Alderman.  See Exhibits D and E.

32.     Due to a loan default after the July 26, 2022 loan modification (Exhibit E), a notice of default/breach letter was sent to Alderman, and the balance of the June 27, 2003 mortgage loan has been accelerated.

33.     In order to collect the accelerated balance of the June 27, 2003 mortgage loan, WSFS wishes to exercise its rights in the Property by having the Substitute Trustee of the June 27, 2003 Deed of Trust execute the power of sale provision found in the June 27, 2003 Deed of Trust.  See Exhibit B § 18.

34.     An exercise of the power of sale provision contained in the June 27, 2003 Deed of Trust

would typically require a foreclosure sale for the Property held by the trustee or substitute trustee of the June 27, 2003 Deed of Trust. However, because the Secretary of HUD also has security interests in the Property via its [i] February 5, 2014 Subordinate Mortgage (Exhibit F), [ii] its May 3, 2019 Partial Claims Mortgage (Exhibit G), and [iii] its July 26, 2022 Partial Claims Mortgage (Exhibit H), a judicial sale is required.

35. Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial foreclosure sale cannot and does not clear title to real property against which liens are held by the United States. See *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911 (2023).

36. In *Show Me*, the Court held that a state tax sale for real property did not clear title to that property, in which the United States' Department of Housing and Urban Development held a security interest via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

37. In *Show Me*, the Court reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id.* at 913.

38. Without a judicial action, in which the United States is a party, followed a judicially-authorized sale, the liens of the United States remain undisturbed against the real property that is sold.

39. The Plaintiffs now respectfully ask the Court, pursuant to 28 U.S. Code § 2201, to authorize a judicial sale of the Property so that the Secretary of HUD (i) is given and receives sufficient due process with respect to her security interest in the Property, (ii) can protect her security interests in the Property, and (iii) that the Property can be sold free and clear of all liens and claims.

WHEREFORE, for the reasons so stated above, the Plaintiffs by counsel respectfully request that (i) the Court find that the Secretary of HUD has an interest in the Property, (ii) the Court find that a judicial sale of the Property is necessary in order to clear the liens against the Property held by the Secretary of HUD; (iii) the Court enter an Order that appoints a Special Commissioner and charges that Special Commissioner with selling the Property free and clear of all liens for fair market value after having the Property listed with a Virginia-licensed real estate agent or broker; (iv) the Court approve a Contract of Sale for the Property after the Court is satisfied that the price offered is fair and reasonable; (v) the Court then authorize the Special Commissioner to convey the Property to the buyer(s) on behalf of Alderman via a Special Commissioner's Deed; (vi) the Court authorize, from the proceeds of the sale, the payment, at closing, of the real estate agent's commission and the Special Commissioner's fees, the payment of pro rata property taxes and Grantor's recording taxes and fees; (vii) the Court also authorize, from the proceeds of the sale, the payment, at closing, of the balance of the mortgage loan held by WSFS (Exhibit B), and then the payment of the balance of the mortgage loans held by the Secretary of HUD (Exhibits F, G and H) to the extent funds from the sale of the Property are available, and then the payment of Alderman with the remaining funds to the extent funds from the sale of the Property are available; and (viii) grant the Plaintiffs such further relief as the Court deems necessary and/or appropriate.

        Respectfully submitted,

        **WILMINGTON SAVINGS FUND SOCIETY,**
         **FSB as Trustee of Stanwich Mortgage**
         **Loan Trust F**
          *and*
        **TRUSTEE SERVICES OF VIRGINIA, LLC**
           *by Counsel*

January 24, 2024                             /s/ Robert Oliveri
                                             Robert Oliveri, Esquire (VSB #47247)
                                             BROCK & SCOTT, PLLC
                                             484 Viking Drive, Suite 170
                                             Virginia Beach, Virginia 23452-7321
                                             757-255-5286 (direct)
                                             703-840-4279 (facsimile)
                                             robert.oliveri@brockandscott.com
                                             *Counsel for the Plaintiffs*